## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES R. BROWN,
                    Appellant,

v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
NY-0752-20-0061-I-2

DATE:  February 5, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Raymond R. Granger</u>, Esquire, New York, New York, for the appellant.

<u>Eugene Kim</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before
the effective date of Acting Chairman Kerner's designation.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal based on charges of conduct unbecoming a Deputy U.S. Marshal and failure to follow policy.  Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the nature and seriousness of the misconduct, the appellant's position as a law enforcement officer, and the notoriety of his misconduct outweighed the mitigating factors and warranted the removal, and to find that the appellant's alcoholism was not the but-for cause of his removal, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a GS-13 Deputy U.S. Marshal, does not dispute the facts that led to his removal. *Brown v. Department of Justice*, NY-0752-20-0061-I-1, Initial Appeal File (IAF), Tab 12 at 8; *Brown v. Department of Justice*, NY-0752-0061-I-2, Appeal File (I-2 AF), Tab 10 at 4-7; Hearing Recording (HR) (testimony of the appellant). On December 16, 2016, the appellant, while off duty, went to a bar and took with him a personally owned handgun. I-2 AF, Tab 10 at 5; HR (testimony of the appellant). He consumed numerous alcoholic drinks, to the point where he blacked out. HR (testimony of the appellant). At some point in the evening, the appellant walked to a local McDonald's restaurant and engaged in a verbal altercation with the cashier, during which he placed his

agency credentials on the counter. IAF, Tab 10; I-2 AF, Tab 10 at 6. His behavior concerned several other patrons, who escorted the appellant out of the restaurant. IAF, Tab 14 at 65. At some point after the appellant was escorted out of the restaurant, he drew the handgun he had brought with him. *Id.* at 65, 69. A witness called the police, and the appellant was arrested near the McDonald's and charged with reckless endangerment, criminal possession of a firearm, and second degree menacing with a weapon. *Id.* at 69. Shortly thereafter, the New York Post published an article about the appellant's arrest, identifying him as a Deputy U.S. Marshal. *Id.* at 72-73. The appellant eventually entered into a conditional plea of menacing in the third degree in New York State Court and agreed to complete a court-ordered alcohol-treatment program and 30 days of community service. *Id.* at 12. The appellant completed the conditions of his plea deal, the charges were dismissed, and all records related to the case were sealed. *Id.* at 12-13.

On December 18, 2019, the agency removed the appellant for four specifications of conduct unbecoming a Deputy U.S. Marshal, specifically, for carrying an agency-authorized weapon while under the influence of alcohol, displaying his agency credentials for no official purpose, creating a disturbance at the McDonald's restaurant requiring intervention by civilians, and brandishing a handgun that resulted in his arrest, as well as one specification of failure to follow policy due to his failure to use a gun holster on the night of the incident at issue in this appeal. IAF, Tab 12 at 8-14. The appellant filed a Board appeal, challenging the reasonableness of the penalty and arguing that his removal was the result of disability discrimination on the basis of alcoholism. IAF, Tab 1 at 4, Tab 17 at 4. After holding a hearing, the administrative judge issued an initial decision affirming the appellant's removal. I-2 AF, Tab 14, Initial Decision (ID). First, the administrative judge found that the agency proved the charges by preponderant evidence, noting that the appellant did not dispute that he

committed the misconduct as alleged.[2] ID at 5. Also, she found nexus between the appellant's misconduct and his job because he displayed his agency credentials while in the McDonald's. *Id.*

As for the penalty, the administrative judge explained that, while the deciding official considered several mitigating factors, she admitted in her testimony that she did not consider the appellant's argument that the misconduct was caused by his alcoholism. ID at 6. Thus, because the agency did not consider alcoholism as a mitigating factor, the administrative judge conducted her own *Douglas* factors analysis,[3] acknowledging that, while she accepted the fact that the appellant was an alcoholic, it did not warrant a lesser penalty due to the dangerous nature of the misconduct, his position as a law enforcement officer, the fact that alcoholism did not explain all of his misconduct, and alcohol rehabilitation did not entitle him to a federal law enforcement career. ID at 8-12. Finally, the administrative judge determined that the appellant did not establish by preponderant evidence his claim of disability discrimination. ID at 13. Thus, she upheld the agency's decision to remove the appellant from Federal service. ID at 14.

The appellant has filed a petition for review, arguing that (1) the deciding official and the administrative judge erred by considering his alcoholism as an aggravating factor; (2) the administrative judge improperly excluded comparator evidence; and (3) his removal was the result of disability discrimination based on alcoholism. Petition for Review (PFR) File, Tab 4 at 21-35. The agency has filed

---

[2] The appellant stipulated that he was authorized by the agency to carry the gun in question while on duty. I-2 AF, Tab 10 at 5. Therefore, the gun is an agency-authorized weapon as described in the first specification of the conduct unbecoming charge, even though it was his personal handgun. IAF, Tab 12 at 9; HR (testimony of the appellant).

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board enumerated a nonexhaustive list of factors to consider in determining the reasonableness of a penalty for acts of misconduct.

a response in opposition to the appellant's petition for review, and the appellant has filed a reply to the agency's opposition. PFR File, Tabs 6, 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

The nature and seriousness of the appellant's misconduct, his role as a law enforcement officer, and the notoriety of the misconduct outweigh the mitigating factors and justify his removal.

On review, the appellant argues that the administrative judge erred in her penalty analysis because she considered his alcoholism to be an aggravating factor, claiming that she "incorporated misconceptions and biases regarding alcoholism into her decision" and "relied on unsupported fear of [the appellant] relapsing and thus treated [the appellant's] alcoholism as an aggravating factor." PFR File, Tab 4 at 34. While the administrative judge was correct to redo the penalty analysis, to the extent that she considered the appellant's alcoholism to be an aggravating factor in the initial decision, we agree that this was an error. *See Walsh v. U.S. Postal Service*, 74 M.S.P.R. 627, 638-39 (1997) (explaining that claims of alcoholism, even if raised as part of an affirmative defense, should still be considered as a mitigating factor). Nevertheless, any such error was not prejudicial to the appellant because we find that other factors, most importantly the nature and seriousness of the misconduct, warrant removal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of the initial decision).

In evaluating the penalty for sustained misconduct, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd per curiam*, 617 F. App'x 996 (Fed. Cir. 2015) (Table). Here, we agree with the administrative judge's conclusion that the nature and severity of the appellant's misconduct "weighs

inexorably against mitigation." ID at 9. The appellant engaged in egregious and dangerous behavior, placing himself and innocent bystanders at risk. He brought a gun with him to a bar, consumed excessive amounts of alcohol, and displayed his agency credentials without official purpose, seemingly in an attempt to abuse his authority. HR (testimony of the appellant, testimony of the deciding official). He engaged in a verbal altercation with an employee at McDonald's to the point where he was escorted out of the restaurant by concerned citizens and drew his gun, further scaring those individuals. HR (testimony of the appellant, testimony of the deciding official); IAF, Tab 12 at 9-11, Tab 14 at 65, 69; I-2 AF, Tab 10 at 5-6.

As the deciding official testified, the very core of a law enforcement officer's role is to create safety, promote order, and enforce laws. HR (testimony of the deciding official). The appellant broke the law, and his actions created chaos and endangered the safety of himself and others, which is antithetical to his role as a law enforcement officer. As the Board has held, the nature and seriousness of the offense is the most important *Douglas* factor, and we find that the outrageous nature of the appellant's misconduct justifies removal. *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 14 (2011); *see Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6.

However, there are other factors besides the nature and seriousness of the offense that weigh against mitigation in this case. Law enforcement officers have the general duty and responsibility to uphold and enforce the law, not to break it. *Austin v. Department of Justice*, 11 M.S.P.R. 255, 259 (1982). It is well established that an agency has the right to hold its law enforcement personnel to a high standard of conduct, higher than that applicable to other Federal employees. *O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 20 (2016), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017); *Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 26 (2012). Here, the appellant attempted to abuse his authority by displaying his credentials without an official purpose, and placed

people in danger by behaving in a belligerent manner and brandishing a weapon. HR (testimony of the deciding official). His misconduct undermines the very nature of his position, i.e., maintaining order, creating safety, and enforcing the law, and falls woefully short of the high standard placed on law enforcement officers. Additionally, the appellant's misconduct caused substantial public embarrassment to the agency, as the incident was written about in a major media outlet that specifically identified him as a Deputy U.S. Marshal. IAF, Tab 14 at 72-73. The notoriety of an act of misconduct is an aggravating factor. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981); *see Acree v. Department of the Treasury*, 80 M.S.P.R. 73, ¶ 19 (1998) (noting how the employee's misconduct, which was written about in major newspaper articles, undermined the public's confidence in the agency), *aff'd*, 215 F.3d 1347 (Fed. Cir. 1999) (Table).

We acknowledge that there are several mitigating factors present, most notably the overwhelming show of support from his colleagues and superiors, his length of service, excellent performance evaluations, and his substantial efforts at sobriety. HR (testimony of the appellant, testimony of the appellant's expert witness); IAF, Tab 12 at 39-105, Tab 13 at 4-8, 10-16, 21-27, 32-38, 43-49, 54-61. While we commend the appellant on the impressive steps he has taken to remain sober, we do not find that these steps, or the other mitigating factors, outweigh the nature and seriousness of the misconduct, particularly because the appellant's behavior is antithetical to the very nature of the appellant's position as a law enforcement officer. *See Lewin v. Department of Justice*, 74 M.S.P.R. 294, 301 (1997) (years of service and outstanding performance evaluations do not outweigh the seriousness of the misconduct); *McLaughlin v. U.S. Postal Service*, 55 M.S.P.R. 192, 208 (1992) (the appellant's 28 years of unblemished service, cooperation with the agency's investigation into misconduct, and letters of recommendation submitted on his behalf did not outweigh the seriousness of his misconduct); *see also Jordan v. Department of the Air Force*, 36 M.S.P.R. 409,

414-15 (1988) (explaining that written statements of support by coworkers and satisfactory job performance did not outweigh the agency's legitimate apprehension as to his continued employment and the effect of his proven misconduct on the agency), *aff'd*, 884 F.2d 1398 (Fed. Cir. 1989) (Table). Accordingly, we do not find that the removal is unreasonable in light of the factors as described, and we thus uphold the penalty.

<u>The appellant has not established that the agency treated him differently than others in similar circumstances or that it did so knowingly and unjustifiably.</u>

It is well settled that among the factors an agency should consider in setting the penalty for misconduct is "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Douglas,* 5 M.S.P.R. at 305. On review, the appellant argues that the administrative judge improperly excluded three comparator cases that, he alleges, proves mitigation is warranted. PFR File, Tab 4 at 31-33. Specifically, the appellant provides three comparator cases that he contends involve similar or worse offenses with lesser penalties: (1) a GS-07 Detention Enforcement Officer in the District of Nevada who received a proposed 60-day suspension, in part, for an off-duty road-rage incident with a private citizen; (2) a GS-12 Deputy U.S. Marshal in the Southern District of Florida who received a proposed 21-day suspension for several charges, including causing a disturbance at a restaurant after consuming alcohol; and (3) a proposed demotion to a non-supervisory position and a 60-day suspension for a GS-13 Supervisory Inspector located in an unspecified location after he was detained by local law enforcement in part for disorderly conduct. I-2 AF, Tab 9 at 64-74, 76-84, 86-94. As the comparator cases were included in the appellant's prehearing submissions, they are part of the record, and we agree that the administrative judge should have addressed them in her analysis. *Id.* However, because we do not believe that the cases are sufficiently similar to the appellant's circumstances, nor do we find any evidence that the agency treated

the appellant in a way not justified by the facts, we find that such error did not prejudice the appellant's substantive rights. *See Panter*, 22 M.S.P.R. 281, 282.

The universe of potential comparators "should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant." *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13. Although a comparator need not always be in the same work unit or under the same supervisor, it still remains an important factor in determining whether it is appropriate to compare the penalties they are given. *Id.*, ¶ 13; *see Williams v. Social Security Administration*, 586 F.3d 1365, 1368-69 (Fed. Cir. 2009). Furthermore, there must be some close connection between the misconduct or some other factor for an employee from another work unit or supervisory chain to be a proper comparator. *Singh*, 2022 MSPB 15, ¶ 13. If the appellant establishes that he received more severe discipline than a comparator, then the proper inquiry is whether the agency knowingly treated employees differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service." *Id.*, ¶ 14 (*quoting Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988)). Thus, in assessing an agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Id.*

The disciplinary actions presented by the appellant materially differ in circumstances such that we do not find that the other employees are appropriate comparators. Specifically, two of the comparators, the GS-07 Detention Enforcement Officer and the GS-13 Supervisory Inspector, have different positions, different grade levels, and thus different duties and responsibilities. I-2 AF, Tab 9 at 64-74, 86-94. Furthermore, at least two of the cases were in completely different areas of the country, i.e., Nevada and Florida, and it appears that all three of the cases are in different work units under different chains of command. *Id.* at 64-74, 76-84, 86-94. Also, while the comparator cases have elements that are similar to the appellant's misconduct, we see no evidence that

these incidents received media attention, which occurred in the appellant's case. *Id.* Finally, we note that the appellant has provided the proposal notices, which only proves that three different proposing officials decided, for reasons unknown, to propose lesser discipline. *Id.* Therefore, even if the agency's deciding officials believed removal was warranted, the deciding officials were restricted by the actions of the proposing officials. Although we acknowledge that the second case, i.e., the other Deputy U.S. Marshal from Florida, designated the same individual to act as the deciding official as in the appellant's case, she could not have imposed a penalty greater than the proposed 21-day suspension on the comparator.[4] *Id.* at 76-84; IAF, Tab 14 at 40-49. Accordingly, we do not find that the cases presented by the appellant are sufficiently similar in circumstance to establish that the agency treated the appellant less favorably than other employees in similar circumstances.

Nevertheless, even assuming that the appellant established that the cases were proper comparators, we do not find sufficient evidence that the agency knowingly treated the appellant differently in a way that was not justified by the facts. As discussed in great detail above, the appellant's behavior was egregious, outrageous, and led to public embarrassment not simply by the involvement of local law enforcement but by the reporting of the incident in major media outlets. HR (testimony of the deciding official); IAF, Tab 12 at 9-14. Thus, we conclude that the appellant's removal was justified by the facts. Furthermore, the consistency of a penalty with those imposed on other employees for the same or similar offenses is only one factor to be considered in determining the reasonableness of an agency-imposed penalty. *See Voss v. U.S. Postal Service*,

---

[4] Due process under the Constitution requires that a tenured Federal employee be provided "written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). An appellant does not have proper notice or a meaningful opportunity to respond if he is not provided proper notice of the potential penalty. Thus, the deciding official may not impose a penalty harsher than the penalty proposed.

119 M.S.P.R. 324, ¶ 6 (2013). Accordingly, even if the appellant did establish that he was treated differently than other employees in similar circumstances, and such treatment was done so knowingly in a way that was not justified by the facts, we still find the nature and seriousness of the misconduct, his role as a law enforcement officer, and the notoriety of his misconduct justified his removal.

<u>The appellant's alcoholism was not the but-for cause of his removal, and thus, he is not entitled to a reversal of the action.</u>

The administrative judge found that the appellant failed to prove by preponderant evidence that his removal was the result of disability discrimination due to his alcoholism. ID at 13. The appellant disputes this finding, asserting that he established that his removal was motivated by his alcoholism, and that the agency failed to prove by clear and convincing evidence that it would have removed him absent its discriminatory motive. PFR File, Tab 4 at 24-30. Although we agree with the administrative judge's ultimate conclusion, we modify her analysis to explain that, even if the appellant established that his alcoholism was the cause of his misconduct and thus a motivating factor in his removal, he cannot establish that his alcoholism was the "but-for" cause of his removal, and thus, he is not entitled to a reversal of the action.

The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The standards under the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), have been incorporated by reference into the Rehabilitation Act and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Id.*; 29 U.S.C. § 791(f). The ADAAA prohibits discrimination "on the basis of disability." 42 U.S.C. § 12112(a). The Board defers to the EEOC's use of the motivating factor causation standard when analyzing whether an appellant has established that an agency's action was taken

"on the basis of disability." *Pridgen*, 2022 MSPB 31, ¶ 40. However, to obtain full relief, an appellant must show that disability discrimination was a but-for cause of the personnel action. *Id.*

Even if the appellant's misconduct was caused by his alcoholism, we still do not find that the appellant established his removal constituted disability discrimination. An agency is never required to excuse a disabled employee's violation of a uniformly applied, job-related rule of conduct, even if the employee's disability caused the misconduct. *Fitzgerald v. Department of Defense*, 85 M.S.P.R. 463, 469 (2000). Here, the appellant has not established that the agency retained nondisabled employees after those employees committed similar offenses. In addition, we find that the appellant's removal was the result of the nature of his conduct, i.e., that he placed his safety and the public's safety in jeopardy, displayed his agency credentials in a possible attempt to abuse his authority, and brandished a gun at innocent bystanders, all of which was reported in major media outlets. HR (testimony of the deciding official). While we acknowledge that such behavior was a result of his alcoholism, we cannot excuse such misconduct, as the behavior is antithetical to the agency's mission and to the role of a law enforcement officer. Accordingly, we affirm the appellant's removal.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

17

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          *Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.